### ELIZABETH IVEY *vs.* SARAH A. GRANBERRY.

1. A deed for land, when registered, has all the force and effect, of a feoffment at common law with livery of seizin and a declaration of uses thereon.

2. By the policy of our statutory law, a bastard stands in such relation to his *mother*, that the relationship between them is a sufficient consideration to raise a use, *aliter* as to the *father*.

3. A registered deed, from a mother to her bastard child, is valid and conveys the title, either, as having the same operation as a feoffment with livery accompanied with a declaration of the use, or, as a covenant to stand seized to uses.

4. Since, as well as before, the statute of uses, 27 Hen. 8: no actual consideration is necessary to raise a use in conveyances operating by transmutation of possession as fine, feoffment, &c., and a deed to lead or declare the uses, was only necessary to prevent a resulting use, arising to the conusor, feoffor, &c.

5. Here, as registration supplies the place of a feoffment with livery, the deed has the effect to lead the uses and thus rebuts the resulting trust.

6. · Whether the question of a lack of consideration is open to any but creditors and purchasers for value, *quere*—per READE, J., it is not.

The cases of *Harrell v. Watson*, 63, *N. C.*, 454. *Hogan v. Strayhorn*, 65, *N. C.*, 279, and *Blount v. Blount*, 2, *C. L. Rep.* 587, cited and approved and the last distinguished from the principal case.

This was a civil action submitted to His Honor Judge Pool, on a case agreed at Fall Term, 1871, of Perquimans Superior Court.

From the case agreed it appears that the land sued for formerly belonged to one Sarah Coulson; that the plaintiff is the illegitimate daughter of said Sarah; that said Sarah, by deed, executed in 1833, and registered in 1834, conveyed the premises to the plaintiff, who was then, and continuously remained to 1869, covert; that the deed is expressed to be made in consideration of love and affection, and does not use any of the operative words usually found in deeds, such as grant, bargain, &c., but only these words, "I do lend," &c.; the premises consists of wood-land, and neither plaintiff nor her husband, ever took possession; said Sarah had legitimate children and the defendant claims, mediately, title under them, and was in possession.

His Honor, being of opinion with the defendant gave judgment accordingly, and, the plaintiff appealed.

*Gilliam* for the appellant.
*Bragg & Strong, and W. F. Martin,* for the appellee.

Sarah Coulson, by deed, dated in 1833, "for love and affection loans," the land in question, to the plaintiff and her husband, at their death, to the children of the plaintiff, if she leaves any, if not, Sarah Coulson wishes the land to go to her legal heirs. This deed was registered in 1834.

The plaintiff was the illegitimate daughter of Sarah Coulson, who died leaving legitimate children.

The plaintiff never had actual possession of the land, nor had her husband, who died in 1869.

The defendant had actual possession at the time of demand, (before suit brought) has continued in possession since, and claims under regular chain of title from the heirs of Sarah Coulson.

Uses can only be raised in three ways generally, 1. Feoffment. 2. Covenant to stand seized. 3. Bargain and sale. 7 *Bacon Ab* (*E*) 87 (uses and trusts) 65 *N. C. R.* 279, *R. C.*, *Ch.* 37, *sec.* 1.

Here there being no valuable consideration, the title must have passed by covenant to stand seized, or by way of transmutation of possession.

1. Covenant to stand seized requires a good consideration (blood or marriage.)

Love and affection to illegitimate child is not a good consideration. *Blount* v. *Blount,* 2 *C. L. R.*, 391, (587) 7 *Bac. Ab.* Title uses, (E) *98.

Though a bastard be a reputed son, he is not such a son as can raise an use. Bastard not within 32 H. 8, as no child of mother. Cannot take, under power of appointment in the mother, as not her child. 4 *Vesey, Jr.,* 771. Also, no child of mother. 5 *Ibid.,* 530.

It is against the policy of the law, especially when there are legitimate children. The only two cases, in the statute law of the State are limited. R. C. Ch. 12, sec. 9. R. C. Ch. 38, sec. 1, rule 10.

2. If the Court should be of opinion, that notwithstanding there has been no actual possession in the plaintiff, by feoffment and registration in lieu of livery of seisin; by way of transmutation of possession under Act of 1711. (See Co. Litt. 123, sec. 188, note 8. Still a loan cannot operate as a foeffment, of which the apt words are enfeoff, grant *do or dedi.* 2 *Shar. Bl. Com.,* 309, 310, 317. "Loan" would be operative in will, because the maker was *inops concilii,* and not required

15

to be so exact in the choice of apt words.    The intent is more liberally construed.

If title passed, it was immediately drawn back to the grantor, as the deed was without consideration.    65 *N. C. R.*, 279.

READE, J.    The most ancient and the best kind of convey-ance of land at common law was by feoffment, and this might be without writing, and without consideration.    It was a gift. It was perfected by livery of seizin.    The feoffor and feoffee with witnesses, went upon the land, or near it, and the feoffer delivered the land itself or some symbol of it to the feoffee.    By this ceremony of the actual delivery of the possession, the title of the land passed to the feoffee.    Subsequently it became common to accompany the feoffment by a deed or writing, not because it was necessary, but because it was convenient for the purpose of declaring the uses, &c., and describing the premi-ses, and because the writing was more reliable than the mem-ory of witnesses ; but still it was the livery of seizin that passed the title, and not the writing.    Subsequently the Stat-ute of frauds and perjuries made a writing necessary.

If the mother of the plaintiff had actually gone upon the land with the plaintiff and with witnesses, and made livery of seizin, it cannot be doubted, that at common law, the title would have passed.    And so, after the statute of frauds and perjuries, if the deed had accompanied livery of seizin, the title would have passed.    Why then does not the deed of the mother pass the title to the plaintiff as at common law? Evidently because there was no livery of seizin.    But then comes our statute which provides that a deed registered shall have the same effect to pass title to land as if there had been livery of seizin.    *Rev. Code, title Deed.*    So that the plaintiff's deed registered, is just as effectual to pass title to her under our Statute, as a gift with livery of seizen, would have been at common law.

What is there, then, in the way of the plaintiff's recovery ?

ELIZABETH IVEY *v.* SARAH A. GRANBERRY.

1st. It is objected that the conveyance to her is without consideration; and that a consideration is necessary. It is well settled that before the statute of uses a consideration was not necessary to support a feoffment. But the construction of that statute was to transfer the legal estate to the use; and inasmuch as in a feoffment there was a resulting use to the feoffor, the statute immediately revested the legal estate in the feoffor, unless the use was declared in the deed of feoffment. And the use might be declared to be to the feoffee or to a third person and this might be " without consideration of marriage, money, kindred or the like; for in this case the will of the feoffor guides the equity of the estate, or rather, the feoffee cannot controvert the use." 2 *Shep. Touch.*, 507. But, under that statute, if there was a deed of bargain and sale, which must be upon a consideration, then the consideration raised an use for the bargainee, and then the statute transferred the legal estate to the use, i. e., to the bargainee. It will be seen, therefore, that a consideration was necessary under that statute in cases of bargain and sale, and in feoffments where no use was declared in the feoffment, and in this last case only to prevent the implied or resulting use to the feoffor.

In the case before us the plaintiff's deed, which, being registered, has all the force of a feoffment, conveys the land to her; and although it is without a consideration, there is no resulting use to the feoffor, for the reason that the deed declares the use to the plaintiff and to others.

All this is said upon the supposition that the deed is without a consideration.

But is it without a consideration?

2. It is objected that natural love and affection, for a bastard child, is not a sufficient consideration.

A covenant to stand seized to the use of a bastard son in consideration of natural affection, is not good. If a man parts with land in advancement of his issue, and to provide for the contingencies and necessary settlements of his family, it will be suppor-

ted; for their establishment is a part of the nature and end of government. But a bastard is not supposed to be of the blood of the father, or to have his natural affection. *Bacon, Uses and Trusts, E.* But if a man covenants in consideration of natural affection, to levy a fine and that the cognisee shall stand seized to the use of his bastard daughter, though this be not sufficient to raise a use upon a covenant, yet it is expressive of the intent of the party and therefore shall serve as a sufficient declaration of a use upon the fine which needs no consideration to support it. 2, *Roll, Abr.*, 785, *Gilbert Law of Uses* 207, *quoted by Bacon, Title Uses and Trusts.*

And I suppose the same would be of a feoffment, which requires no consideration.

But, however this may have been heretofore, a conveyance of land, under our statute, by a mother to her bastard daughter, will be supported as upon sufficient consideration, either as a feoffment, or as a covenant to stand seized ; for our statute provides, that, "When there shall be no legitimate issue, every illegitimate child of the mother, shall be considered an heir, and as such, shall inherit her estate." *Rev. C., ch.* 38, *sec.* 10. It is evident from this, that the policy of our law, is to regard bastards, as of the inheritable blood of the mother. And they who are next in blood, are next in love by intendment of law. And, therefore, the same reasons, which make conveyances to other blood relations good, operate in favor of conveyances to bastards. Nor does it it make any difference, that there are legitimate children at the time of the conveyance, because, there may be none at the death of the mother. So that, the bastard is capable of inheriting, although, it may turn out, that she might never inherit in fact. She has inheritable blood, and it is that which constitutes the consideration. It is to be noted, that our statute, has not extended the same policy to reputed *fathers* of bastards, as to *mothers* of bastards, on account of the uncertainty, probably, as bastards are still considered as having no *father.* An l that distinguish-

es from this case, the case of *Blount* v. *Blount*, 2 *Car. L. Rep.* 587.

There is also another ground, upon which the title of the plaintiff may be supported. It is settled, that a deed, as *be-tween* the parties, is good without a consideration.

Surely, one may give by deed while he lives, as well as he may by devise, after his death. In either case, no one can be heard to complain, except creditors, or purchasers for value. *Harrell* v. *Watson*, 63 *N. C.*, 454. *Hogan* v. *Strayhorn*, 65 *N. C.*, 279.

There is error. Judgment reversed, and judgment for plaintiff.

PER CURIAM.                          Judgment reversed.