PICKETT v. GARRARD.

(Filed October 28, 1902.)

1. DEEDS—*Construction—Estates—Life Estates—Remainders—Tenancy in Common.*

A deed conveying land to J. and W. and their heirs, W. not to come into possession of said land until after the death of J., conveys the land to J. and W. as tenants in common, with possession in J. of the entire tract during her life.

2. DEEDS—*Consideration—Meritorious—Bastardy—In Loco Parentis—Partition.*

In a partition proceeding, wherein the defendant asks for the reformation of a deed, made by his father to himself, an illegitimate son, in order to establish a meritorious consideration, he may show that the relation of *in loco parentis* existed between them.

ACTION by L. G. Pickett and Mary Pickett, his wife, against W. W. Garrard, heard by Judge *Walter H. Neal* and a jury, at March Term, 1902, of the Superior Court of DURHAM County. From a judgment for the plaintiffs, the defendants appealed.

*Winston & Fuller,* for the plaintiffs.
*Boone, Bryant & Biggs,* for the defendants.

FURCHES, C. J. The *feme* plaintiff, Mary Pickett, is the legitimate daughter of Waine Garrard, and the defendant W. W. Garrard is the illegitimate son of Waine Garrard. This is alleged by the defendant and admitted by the plaintiffs; and Martha Garrard was the wife of Waine Garrard and mother of Mary Pickett, but not the mother of the defendant.

On the 15th of April, 1887, Duane (D. W.) Garrard made and executed the following deed, to-wit: * * * "Witnesseth, that said Duane Garrard, in consideration of one dollar and

fifty cents to him paid by Martha J. Garrard and W. W. Garrard, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does bargain and sell and convey to said Martha J. and W. W. Garrard, their heirs, a certain tract or parcel of land in Durham County, State of North Carolina, adjoining the lands of Gaston Pickett, W. O. Cole, C. G. Marcom and others, bounded as follows, viz., containing 148 acres of land, more or less. The condition of the deed is that the said W. W. Garrard does not come into the possession of said land until after the death of Martha J. Garrard. To have and to hold the aforesaid tract of land, and all privileges and appurtenances thereto belonging, to the said Martha J. and W. W. Garrard, their heirs and assigns, to their only use and behoof forever. And the said Duane Garrard covenants that he is seized of said premises in fee, and has the right to convey the same in fee simple. That the same are free and clear from all incumbrances, and that he will warrant and defend the said title to the same against the claims of all persons whatsoever. In testimony whereof, the said Garrard has hereunto set his hand and seal, the day and year above written." (Signed) D. W. Garrard (Seal). Attest: L. G. Pickett, J. B. Gates.

And Waine Garrard and Martha Garrard both being dead, the plaintiff Mary claims that said deed conveyed one undivided half of said land to the defendant, and the other half to her mother, which descended to her, upon the death of her mother, as her only child and heir-at-law. And so claiming, this action was commenced as a special proceeding for partition, but, upon the defendant's pleading sole seizin, it was transferred to the Superior Court in term for trial.

The defendant contends that a proper construction of this deed gave the wife Martha a life estate and the remainder to him in fee simple. But if it does not do this, as it was writ-

ten, it should have done so; that it was the intention of the said Duane Garrard to convey the land to Martha for life and the remainder to him in fee, and if it did not, it was because of the mutual mistake of the parties and the ignorance of the draftsman; that it was delivered and accepted by the grantee with the understanding and belief that it did so convey said land; and if it does not, the defendant asks that it may be reformed so as to carry out the intention of the parties and so as to convey the fee simple to him.

As the deed is written, we can not sustain the contention of the defendant that it gives him the fee simple estate in the whole of the land after the death of Martha. It seems to us that it conveyed the land to Martha and the defendant as tenants in common, but defendant was not to have the possession and enjoyment of his part until after the death of Martha. Or, in other words, we sustain the contention of the plaintiffs as to the construction of the deed, as it now stands.

This leaves but one matter for our consideration (as the error committed in refusing to allow the defendant to show that he paid seventy-five cents as a consideration is harmless), and that is, whether the fact that the defendant is a bastard will deprive him of the benefits arising from a "meritorious consideration." The plaintiffs contend that it does. And it seems that the fact that the defendant is the natural son of Waine Garrard, of itself would not be a meritorious consideration. *Ivey v. Granberry,* 66 N. C., 223. But the facts in that case did not present the question of *loco parentis,* and that question is not discussed nor decided in that opinion. But many authorities hold that the relation of *loco parentis* does create a meritorious consideration upon which courts of equity will give relief. *Powell v. Morrison,* 98 N. C., 426, 2 Am. St. Rep., 343; *Hunt v. Frazier,* 59 N. C., 90; 2 Pomeroy Eq. Jur., Sec. 588; Adams Eq., star page 98; 18 Vesey's Ch. Rep. "Pay Ex Parte" and DuBost Ex Parte, star page 140, on 144-5.

The defendant claims that Waine Garrard took him to his house when he was only four or five years old, and he lived with him until his death as a member of his family, calling Waine father and his wife mother; and these and many other facts will show that the relation of *in loco parentis* existed between him and Waine Garrard, and that Waine stood in the place of a father to him. He also offered to show that the plaintiff Mary had been provided for by her father, Waine Garrard, in conveying to her other lands of equal value to this. But the Court being of opinion that the fact that the defendant was the natural son of the grantor, debarred him from all benefits of an equitable nature, and rejected this evidence.

We have found no authority debarring the defendant from the benefits growing out of the relation of *in loco parentis,* because he was the natural son of Waine Garrard. And we see no reason for doing so, except it would be as a punishment for a misfortune for which he was in nowise responsible.

We are therefore of the opinion that the relation of *in loco parentis* furnishes a meritorious consideration upon which courts of equity will act, and the defendant had the right to show that this relation existed between him and the maker of the deed, if he could, and if he succeeded in doing this, then to show ground for reforming the deed, if he could. This, we think, disposes of all the matters presented by the appeal, and we prefer not to go further, but to leave the Court, on a new trial, free to act upon such issues of fact and questions of law as may then arise.

New Trial.