## KEITH BROTHERS v. HOYT KENNEDY.

(Filed 21 December, 1927.)

**1. Fraud—Statute of Frauds—Contracts.**

The statute of frauds requiring contracts for the sale of lands to be in writing, applies to executory contracts, and not to those that have been executed. C. S., 988.

**2. Same—Executory Contracts—Executed Contracts—Deeds and Conveyances—Statutes.**

Where the contract between the plaintiff and defendant was for the sale of an automobile by the latter in consideration of which the defendant was to convey certain realty to the former, and receive two hundred and fifty dollars as the excess after paying the purchase price of the automobile, the title to the land subject to investigation by the plaintiff's attorney, and the defendant has accordingly executed a good and sufficient deed and the title is clear and unencumbered: *Held,* the contract is executed as to the conveyance of lands under the statute of frauds, C. S., 988, and the statute being inapplicable the defendant is entitled to recover upon his cross-action.

**3. Appeal and Error—Objections and Exceptions—Evidence—Harmless Error.**

The introduction of evidence on the trial of the action, without objection, cures the erroneous previous admission of the same evidence.

**4. Instructions—Requests for Instructions—Appeal and Error.**

Where greater particularity is desired by a party, he should request special instructions, when the charge construed as a whole sufficiently informs the jury as to the law applicable, under the evidence in the case.

APPEAL by plaintiffs from *Bond, J.,* and a jury, at June Term, 1927, of BRUNSWICK. No error.

This is a civil action brought by plaintiffs against defendant in which a claim and delivery was issued to recover a Dodge touring car valued at $750, and damages.

The plaintiff alleges "that on or about the 12th (18th) day of January, 1926, the defendant fraudulently induced these plaintiffs to permit him to have temporary custody of a certain Dodge touring car, the property of these plaintiffs, for the purpose of showing the same to a party who desired to purchase the said car, the said defendant agreeing to bring said car back to these plaintiffs in a very short time, but despite the demands of these plaintiffs, the said defendant has utterly and completely failed to return the said car to these plaintiffs after possession of the same has been demanded by the plaintiffs, and the defendant therefore is wrongfully retaining the same."

Defendant denies the allegations of plaintiffs, and as a further defense and cross-action, complains in part: "That a few days prior to the 18th of January, 1926, the plaintiffs and the defendant began negotiations relative to the plaintiffs buying certain land belonging to the defendant, H. O. Peterson, the plaintiffs being made aware of the ownership of said lands, which said lands were in Pender County; and as a part of the purchase price the defendants were to receive the said automobile set out and described in plaintiffs' complaint. That in consequence of said negotiations and previous agreement, and in consummation thereon, on 18 January, 1926, the defendant, Hoyt Kennedy and his wife, and H. O. Peterson and his wife, executed to the plaintiffs a good and sufficient deed, conveying said lands and premises referred to in paragraph one hereof to the plaintiffs; and that on 19 January, 1926, this defendant delivered said deed to the plaintiffs at their place of business in the city of Wilmington, North Carolina, which said deed is filed with the court in the above-entitled cause; that at the time the defendant delivered said deed to the plaintiffs, the plaintiff delivered to the defendant the said automobile, which said automobile was the full amount of the purchase price of said lands, except the sum of two hundred and fifty dollars, which said sum of two hundred and fifty dollars was to be paid to the defendant upon the approval of the title to said lands by the plaintiffs' attorneys. . . . That the title to said lands was good. . . . That upon the delivery of said deed, as aforesaid, the negotiations between the plaintiffs and the defendant became an executed contract, it being understood and agreed at said time that in the event the said attorney should find any judgments or mortgages or taxes against said land, that the plaintiff could pay and deduct such amount from the balance of the purchase price of $250, . . . and that this defendant, and his codefendant are now, and have been at all times, able, ready and willing to carry out their part of said contract, as they did do when they delivered said deed; that H. O. Peterson is a necessary party to this action and this defendant asks that the said H. O. Peterson be made a party defendant." "Wherefore, the defendant

prays that the plaintiffs recover nothing by their suit and that the defendant recover of the plaintiffs the sum of $250, the additional amount of the purchase price unpaid; that he recover of the plaintiffs the further sum of $750, the value of said automobile, together with damages."

The allegations of the complaint in the further defense and cross-action were denied by plaintiffs and the plea of the statute of frauds set up as a defense.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the parties agree to the trade for said land as alleged in cross-action? Answer: Yes.

2. Did the defendant, Kennedy *et al.,* execute and deliver a deed in fee simple to Keith Brothers for said land which plaintiffs accepted? Answer: Yes.

3. Are plaintiffs, Keith Brothers, the owners and entitled to the possession of the Dodge car referred to in the complaint? Answer: No.

4. What was the value of the said car at the time of the claim and delivery seizure? Answer: $550.

5. What sum, if anything, is due to plaintiffs for the use of said car by the defendant, Kennedy? Answer: ................

6. What damages, if any, is said Kennedy entitled to recover of the plaintiffs, Keith Brothers? Answer: $250."

*John D. Bellamy & Sons and Robert W. Davis for plaintiffs.*
*C. Ed. Taylor and Woodus Kellum for defendant.*

CLARKSON, J. The principles of law involved in the controversy are simple. The plaintiffs denied the contract as alleged by defendant and contended that the delivery of the deed was conditional and the condition was not fulfilled—the contract was executory and the statute of frauds was applicable. On the other hand the defendant, Kennedy, contended that the contract was executed, the deed delivered in compliance with the contract on his and the other defendant, Peterson's, part, interested in the trade, and they owning the land delivered the deed as agreed upon; that the title was good; that as for any taxes due, it was to be deducted from the $250; that the taxes have been paid, and they are now and at all times were able, ready and willing to carry out their part of the contract. The plaintiffs' witnesses testified to the facts as contended for by plaintiffs, and defendants to the contrary. The jury decided the facts in accordance with defendant's contentions.

The statute of frauds, C. S., 988, is as follows: "All contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them, and all leases and contracts for leasing land for the

purpose of digging for gold or other minerals, or for mining generally, of whatever duration; and all other leases and contracts for leasing lands exceeding in duration three years from the making thereof, shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." The statute of frauds, *supra,* says *all contracts to sell or convey any lands,* etc., *shall be put in writing.* In the present case the jury found the trade was consummated and the deed delivered and accepted—the contract executed.

It was said in *Choat v. Wright,* 13 N. C., at p. 290: "In relation therefore to realty, not only the words of the act, 'a contract to sell,' but the state of the law before, restrains the statute to executory contracts." This is now and has always been the law of this jurisdiction. *Hall v. Fisher,* 126 N. C., p. 205; *McManus v. Tarleton,* 126 N. C., p. 790; *Brinkley v. Brinkley,* 128 N. C., p. 503; *Rogers v. Lumber Co.,* 154 N. C., p. 108; *Davis v. Harris,* 178 N. C., p. 24.

The exceptions and assignments of error as to the exclusion of evidence cannot be sustained. We think, from examination of the entire record, that the evidence excluded, if error, was cured by the same kind of evidence being permitted to be introduced without objection later in the trial. *Trust Co. v. Store Co.,* 193 N. C., p. 122.

The court below charged correctly as to the burden of proof and the other aspects of the law arising on the evidence. If plaintiffs desired more specific instructions they should have requested them by proper prayers. *Davis v. Long,* 189 N. C., at p. 137.

The charge must be taken as a whole and not disconnectedly, and so taken we find no reversible or prejudicial error. It was mainly a question of fact for the jury, and they decided for defendant, and we can find in law

No error.