JOHN A. WILLIS AND WIFE, NORA WILLIS, v. HENRY WILLIS.

(Filed 21 September, 1955.)

**1. Evidence § 40—**

Parol evidence *held* competent to show that the actual consideration for a deed to two lots was an agreement of the grantee to construct a house on each lot and to pay to grantors, so long as either of them lived, the rental from one of the houses.

**2. Frauds, Statute of, § 12—**

Plaintiffs conveyed to defendant two lots under an agreement that defendant should construct a house on each lot and pay to plaintiffs the rental value from one of the houses. *Held:* The statute of frauds does not apply to the executed contract. G.S. 22-2.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Fountain, Special Judge,* May Term, 1955, of PITT.

Civil action to recover alleged consideration for land conveyed by plaintiffs to defendant.

Plaintiffs, by proper deed, conveyed two vacant lots to defendant. Defendant paid no consideration therefor at or prior to the delivery of the deed.

Plaintiffs alleged that the consideration was defendant's agreement to build a house on each lot, to be rented, and to pay over to plaintiffs, so long as plaintiffs or either of them lived, the rental from one of the houses; that defendant constructed the two houses; that each was rented for $50.00 per month, beginning 1 June, 1954; that defendant has failed and refused to pay over the rents from one of the houses as agreed; and that plaintiffs were entitled to recover from defendant $50.00 per month from 1 June, 1954.

Defendant denied that he made the agreement alleged by plaintiffs, averring that the conveyance was a deed of gift; and defendant pleaded the statute of frauds, G.S. 22-2.

Upon issues arising on these pleadings, the jury found for plaintiffs. Judgment for plaintiffs was entered on the verdict. Defendant appealed.

*Lewis & Rouse for plaintiffs, appellees.*
*C. W. Beaman and K. A. Pittman for defendant, appellant.*

PER CURIAM. The determinative issue, whether defendant agreed to pay plaintiffs for the two lots as alleged, was resolved by the jury in plaintiffs' favor. Parol evidence was competent to show the actual consideration for the deed. *Pate v. Gaitley,* 183 N.C. 262, 111 S.E. 339. The statute of frauds, G.S. 22-2, does not apply to an executed contract, such as that here involved. *Keith Bros. v. Kennedy,* 194 N.C. 784, 140 S.E. 721; *Baucom v. Bank,* 203 N.C. 825, 167 S.E. 72. We find no prejudicial error in the conduct of the trial.

No error.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.