ELLA GADSDEN v. CATHERINE R. JOHNSON AND HUSBAND, GLENWOOD
G. JOHNSON.

(Filed 6 May, 1964.)

1. **Deeds § 8—**

   While the consideration named in a deed is · presumed correct, the matter is not contractual and may be inquired into by parol, but partial or even total failure of consideration will not alone render the deed invalid and the inquiry in regard thereto will not be allowed to alter or contradict the conveyance itself, although it may be a competent circumstance in an action to set aside the conveyance for fraud.

2. **Fraud § 3; Cancellation and Rescission of Instruments § 2—**

   While a mere promissory representation is not ground for cancellation and rescission of an instrument, if a promise is not honestly made and the promisor at the time of making it has no intention to perform, and such promise is reasonably relied upon and induces the other party to enter into the contract, it is a fraudulent representation of a subsisting intent and may be ground for rescission.

3. **Fraud § 8; Cancellation and Rescission of Instruments § 8— Complaint held insufficient to state cause of action to cancel deed for fraud.**

   A complaint alleging that plaintiff conveyed her property to defendants in reliance upon their representation that defendants would not sell the property but would care for plaintiff's needs and wants and provide her with a home for life, that immediately after the execution of the deed defendants became abusive, rendered no services to plaintiff and listed the property for sale, and praying for cancellation of the deed, attempts to state a cause of action for cancellation and rescission and not for damages for breach of the agreement, but is defective in failing to allege that the promissory representations were made fraudulently with no intention of carrying them out, were reasonably relied upon by plaintiff and induced her to execute the instrument.

4. **Appeal and Error § 7; Pleadings § 19—**

   Where the complaint contains a defective statement of a good cause of action, defendants' demurrer will be allowed, even in the Supreme Court, but the action will not be dismissed until plaintiff is given opportunity to amend. G.S. 1-131.

APPEAL by defendants from *Hobgood, J.,* January 1964 Civil Session of
WAKE.

Civil action to annul and cancel of record a recorded deed conveying in fee plaintiff's home and the lot on which it is situate to defendants.

One issue was submitted to the jury: "Was the deed executed on May 20, 1959 by plaintiff to the defendants recorded in Book 1365 at page 37, Wake County Registry, null and void for failure of consideration?" The jury answered the issue, Yes.

GADSDEN v. JOHNSON.

From a judgment that defendants have no interest in the house and lot, and that the deed conveying it to them be cancelled of record, defendants appeal.

*Samuel S. Mitchell and Earl Whitted, Jr., for defendant appellants.*
*Allen Langston for plaintiff appellee.*

PARKER, J. This is a summary of the crucial allegations of fact of the complaint, which was filed on 6 December 1961: In 1921 there was conveyed in fee to plaintiff by deed a house and lot at 504 Smithfield Street in the city of Raleigh. Since then she has lived in it as her home. In recent years defendants, who are married to each other, have lived in her house with her. During the two years prior to 20 May 1959 defendants were friendly and courteous to her, expressing love and respect for her, and made repeated suggestions to her that she, because of advancing years and the possibility of becoming disabled, needed some younger person or persons to care for her, and that they were suitable persons for such purpose. Plaintiff having faith in their honesty and in their apparent love and respect for her began seriously to consider their suggestions. Finally, on 20 May 1959 she conveyed in fee by deed to defendants her house and lot at 504 Smithfield Street in Raleigh in accordance with a promise and agreement by defendants that they would care for her needs and wants, that they would provide a home for her at 504 Smithfield Street, and would not convey it during the remainder of her life given in consideration of the deed. This deed, which is recorded in the public registry of Wake County and incorporated in the complaint, recites merely a consideration of "ten dollars and other valuable considerations"; it has no recital as to any promise or agreement.

For some time after the delivery of the deed defendants were friendly to her, stating they would care for her and give her a good home, but in August 1961, when she refused to give them any more funds, they became abusive, calling her a nasty, selfish old woman, and threatening her with bodily harm. During October 1961 she learned defendants had listed her home with real estate brokers for sale. Defendants have rendered no services to her as they promised. She has requested them to reconvey her home to her and leave her home, which they refuse to do.

Wherefore, she prays that her deed for her home to defendants be annulled and cancelled of record.

Defendants by answer denied the crucial allegations of fact in the complaint, and alleged that the conveyance of plaintiff's home to them was "for valuable monetary considerations and not for any considerations of services, kindness, or agreement to provide care."

This is a brief summary of plaintiff's evidence, except when quoted: Plaintiff was born in 1881, she is a widow, and is now too old and feeble to work. She has worked hard during her life and saved her money. She has only a foster child living in Charleston, South Carolina. Defendants never paid her anything for the deed to her home. She gave defendants a deed for her home because of their promises to her that they would take care of her the balance of her days and do everything for her when she was sick, and that they would keep her clean and give her good food. She had the deed to her home made to defendants on the strength of their promises. She knew she could have a life estate reserved in her deed, "but she [the *feme* defendant] told me, 'Mama, you know I won't go back on my word and you don't have to put that in there,' and I didn't have it put in there. She said, 'You know I will do my best for you,' and I believed her." Defendants kept none of their promises to her. They got all her little savings from her, about $900, and now she has none. Defendants have offered her home for sale. They drove her from her home. Since the institution of this action they have left her home, and she is living there.

She and the *feme* defendant on 14 May 1959 went to the office of I. Weisner Farmer, an attorney at law in Raleigh, to get him to prepare a deed conveying her home to defendants. He inquired of plaintiff if she was to retain a life estate in the property. Plaintiff said that she was conveying her home to defendants on their promise that they would continue to live in the home and take care of her, and she believed what they said. The *feme* defendant said, "Yes, that is it." As plaintiff was not retaining a life estate in her home, Mr. Farmer refused to draft a deed for her, telling her she did not know what she was doing. Plaintiff and the *feme* defendant came back to Mr. Farmer's office on 20 May 1959. He again asked plaintiff if she wanted to reserve a life estate. The promises were again stated, and plaintiff said she had confidence in Catherine and their promises. Plaintiff said she was going to have a deed written without a life estate reserved to her, and he then drew the deed conveying her home to the defendants. Plaintiff was paid nothing in his office.

Prior to the introduction of evidence, defendants filed a demurrer *ore tenus* to the complaint on the ground, *inter alia,* that the complaint shows on its face that it is an action to cancel and annul a fee simple warranty deed reciting a consideration of ten dollars and other valuable considerations, merely because of the grantees' failure or refusal to furnish care and a home for plaintiff and not to convey the home during her lifetime in accordance with an oral promise given in consideration for the deed, without any allegation that the deed was procur-

ed by fraud, mistake, duress, or undue influence. The trial court reserved its ruling upon the demurrer until after the introduction of evidence. Plaintiff introduced evidence; defendants offered none. After the introduction of evidence, and before the submission of the case to the jury, the trial court overruled the demurrer, and to this ruling defendants excepted and assign this as error.

Defendants also assign as error the denial of their motion for judgment of compulsory nonsuit. They contend that the consideration for plaintiff's deed, according to her allegation and proof, was their promises to support and care for plaintiff. That the consideration being promissory, any breach of their promises, if such there was, would merely be grounds for damages for breach of their promises and would not be a ground for annulment and cancellation of the deed.

Defendants have misconceived the nature of plaintiff's action. Plaintiff's action is not, as they contend, an action to recover damages for breach of promises or an agreement for services to be rendered as a consideration for conveyance of her home and the lot on which it is situate. Indubitably, a deed based upon a promise or agreement of the grantee to maintain and care for and support the grantor is a valuable consideration for the transfer of property. *Minor v. Minor*, 232 N.C. 669, 62 S.E. 2d 60; *Lee v. Ledbetter*, 229 N.C. 330, 49 S.E. 2d 634; *Salms v. Martin*, 63 N.C. 608. If plaintiff's action were such, as defendants erroneously conceive it to be, the proper measure of damages would be, as defendants contend, "the value of the promised support lost by the grantor," *Norwood v. Carter*, 242 N.C. 152, 87 S.E. 2d 2, and a verdict in plaintiff's favor for such breach would not support a judgment in her favor annulling her deed and ordering it cancelled of record. *Minor v. Minor, supra.*

In *Higgins v. Higgins*, 223 N.C. 453, 27 S.E. 2d 128 it is said: "Courts will guard with jealous care the rights of the aged and infirm who have conveyed their land in the belief that they were making provision for support and maintenance in their declining years."

This is said in 26 C.J.S., Deeds, § 21, b: "Courts of equity have a marked tendency to afford the grantor relief because of the grantee's failure or refusal to furnish support in accordance with a promise given in consideration of the deed, and will frequently decree cancellation or rescission in such cases."

Plaintiff's action is between the grantor and grantees of a deed. No rights of third parties are involved. From a study of plaintiff's complaint and evidence, and heedful of the admonition stated in the *Higgins'* case, it seems apparent to us that plaintiff's action, though defectively stated in her complaint, is to annul and have cancelled of record

.her deed to the grantees for her home for the reason that she conveyed in fee by deed to defendants her home in accordance with promises and an agreement by defendants that they would care for her needs and wants, that they would provide a home for her in her home at 504 Smithfield Street, and would not convey it during her lifetime, that they have completely or to a very substantial degree breached their promises and agreement, that such promises and agreement were made fraudulently by defendants with no intention on their part to carry them out, and that such promises and agreement constituted misrepresentations of material facts, which she relied upon and which induced her to act upon them to her injury.

Plaintiff's deed to defendants, which is recorded in the public registry of Wake County and is incorporated in the complaint, recites merely a consideration of "ten dollars and other valuable considerations;" it has no recital as to any promises. The consideration named in a deed is presumed to be correct. *Hinson v. Morgan*, 225 N.C. 740, 36 S.E. 2d 266. Not being contractual it may be inquired into by parol evidence and shown to have been otherwise than as recited in the deed. *Willis v. Willis*, 242 N.C. 597, 89 S.E. 2d 152; *Ex parte Barefoot*, 201 N.C. 393, 160 S.E. 365; Stansbury, N. C. Evidence, 2d Ed., § 259. "* * * such testimony may not be used, however, to alter or contradict the conveyance itself, in the absence of fraud, mistake or undue influence." *Schmidt v. Bryant*, 251 N.C. 838, 112 S.E. 2d 262.

"As a general rule a deed which is otherwise valid will not be invalidated by reason of a total or partial failure of consideration, and will nevertheless operate to convey title. * * * The failure of consideration may, however, be accompanied by other circumstances which will justify setting aside the deed, as where the circumstances are such that other remedies are inadequate." 26 C.J.S., Deeds, § 21, a. See *Futrill v. Futrill*, 58 N.C. 61; same case, 59 N.C. 337. In the *Futrill* case the bill of plaintiff alleged undue influence.

In *Davis v. Davis*, 236 N.C. 208, 72 S.E. 2d 414, it is said: "It is the general rule that an unfulfilled promise cannot be made the basis for an action for fraud. [Citing authority.] The rule, of course, is otherwise where the promise is made fraudulently with no intention to carry it out, and such promise constitutes a misrepresentation of a material fact which induces the promisee to act upon it to his injury."

In *Hinsdale v. Phillips*, 199 N.C. 563, 155 S.E. 238, the Court said:

> "As a general rule, fraud as a ground for the rescission of contracts, cannot be predicated upon promissory representations, because a promise to perform an act in the future is not in the legal

GADSDEN v. JOHNSON.

sense a representation. Fraud, however, may be predicated upon the nonperformance of a promise, when it is shown that the promise was merely a device to accomplish the fraud. A promise not honestly made, because the promisor at the time had no intent to perform it, where the promisee rightfully relied upon the promise, and was induced thereby to enter into the contract, is not only a false, but also a fraudulent representation, for which the promisee, upon its nonperformance, is ordinarily entitled to a rescission of the contract. These principles have been recognized and applied by this Court in * * * [and many cases are cited]."

Plaintiff's complaint alleges as the ground for annulling her deed and having it cancelled of record *merely* a failure and refusal by defendants to carry out their promissory representations to her given in consideration of her deed. The complaint does not even allege her age. It does not allege that such promissory representations were made by defendants with no intention of carrying them out. It does not allege the essential elements of fraudulent promissory representations. The allegations of her complaint will not warrant the annulling and cancelling of record her recorded deed, because her recorded deed "in proper form is good and will convey the land described therein without any consideration, except as against creditors or innocent purchasers for value." *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530; *Edwards v. Batts,* 245 N.C. 693, 97 S.E. 2d 101; *Ivey v. Granberry,* 66 N.C. 223. The verdict that there was a failure of consideration for plaintiff's deed does not support the judgment that defendants, the grantees in the deed, have no interest in the house and lot conveyed, and decreeing that the deed be cancelled of record. *Minor v. Minor, supra; Smith v. Smith, supra; Edwards v. Batts, supra; Ivey v. Granberry, supra.*

The rule in respect to pleading fraud is set forth in Strong's N. C. Index, Vol. 2, Fraud, Pleadings, § 8, where many of our cases are cited, and also in 37 C.J.S., Fraud, § 78 *et seq.*

The verdict and judgment are set aside, and as plaintiff's complaint contains a defective statement of a good cause of action, the demurrer *ore tenus* to the complaint is sustained, but the action is not dismissed and upon motion of plaintiff the superior court will enter an order permitting her to amend her complaint so as to state the essential elements of fraud in respect to promissory representations as a ground for annulling her deed and having it cancelled of record. G.S. 1-131; *Walker v. Nicholson,* 257 N.C. 744, 127 S.E. 2d 564; *Stamey v. Membership Corp.,* 247 N.C. 640, 101 S.E. 2d 814; *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337.

Demurrer *ore tenus* sustained.