## LAPIDUS v. REVER, et al.
No. 62-L-1869.

Circuit Court, Dade County.

July 2, 1964.

Richard L. Lapidus, Miami Beach, for plaintiff.

Robert H. Givens, Jr. of Dubbin, Schiff, Berkman & Dubbin, Miami, for defendants.

HAROLD B. SPAET, Circuit Judge.

This is an action brought by plaintiff under provisions of chapter 517, Florida Statutes, the Florida Securities Act. The facts are as follows —

From 1957 until June of 1960, defendant Rever held title to certain land, as trustee for a syndicate. The plaintiff was one of the members of the syndicate during this time. In June of 1960, to provide stability and due to defendant Rever's ill health, a corporation was formed and the syndicate's land was trans-

ferred to it. In return for the land, stock was issued to the defendants, Rever and Fiedelbaum, an active member of the syndicate. Rever and Fiedelbaum were to hold the shares as trustees for the syndicate. Investors in the syndicate were informed that their beneficial interest in the land was now represented by beneficial interest in the stock of the corporation which owned the land.

Plaintiff commenced an action under provisions of the Florida Securities Act, sometimes called the "Blue Sky Laws." Plaintiff claims that because the shares issued were not registered, and because such an exchange falls under provisions of §517.02(1), which defines "sale" as an "exchange," he is entitled to the original amount paid for his interest in the land syndicate.

In the court's opinion, the plaintiff is not such a person as the provisions of chapter 517 were intended to protect. For this reason, judgment will be entered for the defendants.

The Florida "Blue Sky Laws" seek to protect the public from fraudulent offers of securities. Here there was no public offer. Plaintiff already had a share in the syndicate — there was no solicitation involved in the 1960 transfer. Plaintiff's interest in the land has remained constant from 1957 to date. As pointed out in Faires v. Title Insurance & Trust Co. 15 Cal. App. 2d 350, 59 P. 2d 428, at 431 (1936) — "There is an entire lack of any evidence that defendant either offered for sale or sold or issued to the public any instrument or other evidence of interest, or interest in the trust. The membership of the syndicate was filled and the list closed long before the trust was created. Defendant did not solicit membership in this syndicate." Courts have held that in such cases, where there is no public offering, the securities acts are inapplicable.

In this state, and in other states, courts have evidenced an intent to ameliorate the rigors of the "Blue Sky Laws" where a plaintiff is not in a class which the legislature sought to protect. Thus a plea of estoppel has been allowed as a defense where all the parties to an action are equally culpable. Popper v. Havana Publications (Fla. App. 3rd Dist.), 122 So.2d 247, 84 A.L.R. 2d 476 (1960), Harrison v. McCourtney (Fla. App. 2nd Dist.), 148 So.2d 53.

Under "Blue Sky Laws" transferring property to a corporation in return for shares, as part of incorporation, is not a "sale" or "exchange."

"As explained in Conway v. Bailey, 91 W. Va. 324, 42 S.E. 579 (1922), it is no violation of the Blue Sky Law to transfer property to a corporation in exchange for stock of the corporation, but it is the sale of such stocks and securities

therein, after such transfer, without furnishing the information required by the statute which is prohibited. No sale of the corporation stock was made. Consequently the Blue Sky Law has no application here." Fayette Wholesale Grocery v. Brown Bros., 102 W. Va. 181, 135 S.E. 235 (1926).

The Florida "Blue Sky Laws" have been interpreted to follow this point of view. As Walter H. Robinton, chief field examiner of the Florida Securities Commission and Hugh L. Sowards, professor of law at the University of Miami, stated in a commentation on the Act —

"At the outset it should be made clear that the Act impliedly provides and the Commission administratively takes the position that it is not a violation of the securities law for any number of individuals to combine for the purpose of organizing a corporation. No permit from the securities commission is required for this purpose; the permit becomes necessary when the corporation proposes to *further distribute* its securities publicly." 6 Miami Law Quarterly 525, 531 (1952).

The act plaintiff complains of was in effect one of incorporation. Such an act is not a violation of the Florida "Blue Sky Laws." Plaintiff also claims that the exchange of his interest in land for an interest in shares of the corporation which owned the land was a "sale" or "exchange" within the meaning of the Act. Yet the change was merely a "new expression of the interest which plaintiff already had in the real property." Mary Pickford v. Bayly Bros. Inc., (Cal. App.), 68 P. 2d 239 (1937). California courts have held, although there has been conversion of an interest (from realty to personalty) and although it was only for the benefit of administration, that —

"The actual quantum of interest of each beneficiary was not changed and there was no sale of any interest at that time, nor was there any offering of any interest to anyone. This conversion of an interest in real property into personal property should not be held to affect the rights of the parties in so far as such rights are here involved." Faires v. Title Insurance & Trust Co., 15 Cal. App. 2d 350, 59 P. 2d 428, 431 (1936).

Where a plaintiff's position is not adversely affected by a subsequent transaction, in my opinion chapter 517, the Florida Securities Act, was not intended to operate. Whether we treat the transaction complained of as an incorporation or as an exchange, the purpose of chapter 517 — to protect unwary investors from fraud in the securities market — is inapplicable in the present case. The "Blue Sky Laws" were not intended as a sword for unhappy investors but rather as a shield against fraudulent promotion of stock sales to the public.

Submit judgment in accordance with this opinion.