MARY O. SPELLER v. LUTHER W. SPELLER.

(Filed 20 March 1968.)

**1. Deeds § 8—**

The consideration recited in a deed is presumed to be correct but under certain circumstances may be inquired into by the court.

**2. Cancellation and Rescission of Instruments § 1—**

An action for rescission of a deed does not lie for the breach of promises honestly made but not thereafter performed.

**3. Cancellation and Rescission of Instruments § 2; Fraud § 1—**

An action for fraud or for rescission of an instrument must be based upon a false representation knowingly made with intent to deceive which is relied on and does deceive, and which results in loss or injury to the party deceived.

**4. Cancellation and Rescission of Instruments § 8; Fraud § 9— Plaintiff's action for rescission of deed must fail in absence of allegation showing loss by defendant's conduct.**

In an action to rescind a deed of conveyance, plaintiff alleged that part of the consideration for the conveyance to defendant of her share of her deceased husband's estate consisted of defendant's agreement that certain debts were obligations of the estate and not of the plaintiff, that this agreement was omitted from the deed by mistake, fraud or inequitable conduct, and that defendant subsequently denied that the debts were obligations of the estate. *Held:* The complaint fails to state a cause of action for rescission in the absence of any allegation that plaintiff has suffered loss from defendant's conduct, it appearing from the complaint that the estate's responsibility for the debts has not yet been determined.

APPEAL by plaintiff from *Parker, J.,* September, 1967 Session, BERTIE Superior Court.

The plaintiff, Mary A. Speller, widow of Aaron Speller, instituted this civil action on May 27, 1966 against Luther W. Speller for the purpose of having the court set aside as fraudulent her deed to Luther W. Speller in which she conveyed to him all her right, title and interest in the specifically described real and personal property of which her husband was seized and possessed at the time of his death. The deed, made a part of the amended complaint, dated and delivered on December 8, 1965, recited: "(I)n consideration of the sum of Ten Dollars and other valuable considerations, paid by the party of the second part to the party of the first part, receipt of which is hereby acknowledged. . . ." The first party sold and conveyed to the second party all her right, title, interest and estate in the real and personal property to which she was entitled as widow.

The amended complaint alleged the plaintiff received from the defendant the sum of $3,000 in cash as considered for the property embraced in her deed. In addition to the foregoing, the amended complaint, in material substance, further alleged that the real estate owned by Aaron Speller at the time of his death was worth $25,000, and that his lawful debts, as itemized in the complaint, amounted to $13,184.72. The plaintiff alleged that in addition to the $3,000 paid in cash, the defendant, as further consideration for the deed, agreed that the listed debts constituted valid obligations of Aaron Speller and should be paid out of his estate. However, by mistake of the draftsman of the deed, or by the fraudulent or inequitable conduct of the defendant, the provision was omitted from the deed.

The amended complaint further alleged that W. L. Cooke, administrator, had filed in the Superior Court of Bertie County a special proceeding asking authority to sell the Aaron Speller land to pay the indebtedness of the estate, and that the defendant and the other children had filed an answer to the petition denying the validity of some of the listed debts. By inference, it appears the plaintiff was the co-obligor with her husband on some of the listed obligations. The amended complaint further alleged that the plaintiff is willing to return the $3,000 paid to her in cash and that upon its return, she is entitled to have her deed cancelled.

At the trial, the defendant filed a demurrer *ore tenus* on the ground the amended complaint failed to allege facts sufficient to constitute a cause of action. The court entered judgment sustaining the demurrer *ore tenus*. The plaintiff excepted and appealed.

*John R. Jenkins, Jr.,* for *plaintiff appellant.*
*Gillam & Gillam* by *M. B. Gillam, Jr.,* for *defendant appellee.*

HIGGINS, J. . The plaintiff, widow of Aaron Speller, alleged in her amended complaint that she sold and by deed conveyed to the defendant, son of her husband by a former marriage, all her right, title and interest in the tract of land and personal property owned by her husband at the time of his death. The deed, made a part of the amended complaint, recites a consideration of $10 and other valuable considerations. She alleged the grantee paid her $2,000 in cash and executed his note for $1,000, which he has paid in full. She further alleged that the tract of land owned by her husband was reasonably worth $25,000 and that his debts, which were listed in the complaint, amounted to $13,184.72.

The amended complaint further alleged the defendant, his brothers and sisters, and the administrator of her husband's estate, had all agreed that the listed debts constituted valid obligations of her husband's estate. She alleged inferentially that although she may have been a co-signer with her husband on some of the notes listed in the schedule of debts, nevertheless they were to be satisfied out of her husband's property and that according to her agreement with all other interested parties, she was to be saved harmless from any personal liability; and that provision to the effect should have been inserted in the deed; that the omission was a result of mistake on the part of the draftsman, or on her part induced by the defendant's fraudulent and inequitable conduct.

The amended complaint, by way of attempt to show breach of the agreement to save her harmless, alleged the defendant and the other brothers and sisters had filed an answer in the special proceeding challenging the validity of some of the listed debts. The plaintiff argues the answer is a breach of the agreement to save her harmless. She contends the breach of the condition constituted a total failure of consideration and that she be permitted to return the $3,000 which she had received, and upon its return, she is entitled to have the deed set aside.

Ordinarily, the consideration recited in a deed is presumed to be correct. *Hinson v. Morgan,* 225 N.C. 740, 36 S.E. 2d 266. The question of consideration, however, under certain circumstances may be inquired into by the court. *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530; *Conner v. Ridley,* 248 N.C. 714, 104 S.E. 2d 845. Assuming the defendant and his seven brothers and sisters, and the administrator, agreed that all the listed debts were the valid obligations of Aaron Speller, and that the answer challenging some of these debts

has been filed by the defendant and his brothers and sisters; nevertheless, there has been no determination of the question. The plaintiff alleged she is a party to the special proceedings. The liability for the debts will be determined in the due course of administering the estate. The filing of the answer raises, but does not decide, the issue. The plaintiff may or may not be held liable in some amount. Admitting she has $3,000 paid to her for the property, she may not set aside the deed on contingency. However, at some future date she may be able to assert a claim that the defendant has not paid all the consideration for the property she conveyed to him. If she is forced to pay any of her husband's debts which the defendant, as a part of the consideration for the deed agreed to assume, at the proper time and in the proper tribunal, she may be heard on her claim. Where promises are honestly made and not thereafter performed, action for rescission is not the proper remedy. *Hinsdale v. Phillips*, 199 N.C. 563, 155 S.E. 238. In order to establish fraud, there must be a showing of actual loss, injury or damage. *Johnson v. Owens*, 263 N.C. 754, 140 S.E. 2d 311. Any action for fraud or for rescission of an instrument must be laid on this foundation: "A false representation knowingly made with intent to deceive which is relied on and does deceive, and results in loss, damage or injury." *Johnson v. Owens, supra; Keith v. Wilder*, 241 N.C. 672, 86 S.E. 2d 444; *Parker v. White*, 235 N.C. 680, 71 S.E. 2d 122.

In this case, the plaintiff's complaint does not allege any loss. She does not allege sufficient facts upon which to base a cause of action for rescission or even for damages. In bringing her action before ascertaining whether she has suffered loss, and if so how much, the plaintiff has jumped off side before the center snapped the ball starting the play. The judgment of the Superior Court sustaining the demurrer *ore tenus* is

Affirmed.