MINNIE STATEN STEWART v. FRANK STEWART

No. 748SC1033

(Filed 7 May 1975)

**Deeds § 4— undue influence in procurement of deed — mental capacity of grantor — sufficiency of evidence**

> In an action to set aside a deed in which plaintiff purportedly conveyed a life estate in certain real property to defendant, the trial court properly directed verdict for defendant where plaintiff's evidence as to fraud, undue influence, and mental capacity was insufficient to submit issues thereon to the jury.

APPEAL by plaintiff from *Browning, Judge.* Judgment entered 27 September 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals on 19 February 1975.

This action was brought to set aside a deed dated 5 January 1971 in which plaintiff purportedly conveyed a life estate in certain real property to defendant.

In her complaint, plaintiff alleges that her signature on the instrument was obtained by fraud; that she did not know what she was doing at the time; and that there was no consideration for the conveyance.

At the close of plaintiff's evidence the trial court granted defendant's motion for directed verdict, and plaintiff appealed.

*Kornegay & Bruce, by Robert T. Rice, for plaintiff appellant.*

*Whitley and Vickory, by C. Branson Vickory, for defendant appellee.*

MARTIN, Judge.

Plaintiff assigns as error the trial court's order allowing defendant's motion for directed verdict.

In considering a motion for directed verdict, the court must view the evidence in the light most favorable to the non-movant, giving to it the benefit of all reasonable inferences and resolving all inconsistencies in its favor. *Freeman v. Development Co.*, 25 N.C. App. 56, 212 S.E. 2d 190 (1975). The motion presents a question of law, namely, whether the evidence is sufficient to require submission to the jury. *Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789 (1973).

Stewart v. Stewart

Viewed in this manner, plaintiff's evidence tends to show the following. Plaintiff and defendant were married on 9 March 1949 and were divorced on 18 August 1969. She does not recall signing the deed in question in January of 1971. According to plaintiff, she had seizures during which she did not know what was happening but sometimes she walked around and talked to people and sometimes she fell down. Doctor Shackelford, plaintiff's physician, testified as follows: Plaintiff suffered from epileptic seizures and generally had seizures of the type known as "grand mal". Following a seizure she generally lapsed into a state of confusion and uncertainty which could last for hours or days. According to Dr. Shackelford, it would not be fair to say that the average person would recognize that she had had a seizure. In addition he stated that epileptics in general may have a degree of amnesia following an attack which could last for hours or days. His records showed that she was seen on 15 December 1970 and had suffered a seizure six days prior to that time and that she was seen again on 17 December 1970, 21 December 1970, and 5 January 1971 and was doing well. If she had been "out of it" on January 5 he would have noted this, and if she had been highly confused or disoriented at that time this probably would have come to his attention.

Plaintiff contends that the deed of 5 January 1971 was procured by fraud and undue influence and that she did not possess sufficient mental capacity to make and execute said deed. In addition it is argued that no consideration was paid for the conveyance.

Ordinarily, the consideration recited in a deed is presumed to be correct. *Speller v. Speller*, 273 N.C. 340, 159 S.E. 2d 894 (1968). "The controlling principle established by our decisions is that inadequacy of consideration is a circumstance to be considered by the jury in connection with other relevant circumstances on an issue of fraud, but inadequacy of consideration standing alone will not justify setting aside a deed on the ground of fraud. However, if the inadequacy of consideration is so gross that it shows practically nothing was paid, it is sufficient to be submitted to the jury without other evidence." *Garris v. Scott*, 246 N.C. 568, 99 S.E. 2d 750 (1957).

In the present case there is no showing that the transaction was accompanied by overreaching, oppression, or advantage. Nor is there evidence of a fiduciary relationship between the

parties. Indeed, plaintiff testified that she did not remember talking to defendant in January of 1971 about conveying him a life estate. A careful consideration of the evidence, bearing on the question of fraud and undue influence, leads us to the conclusion that plaintiff's evidence was insufficient to warrant the submission of an issue thereon to the jury.

We next consider plaintiff's assertion that she did not possess sufficient mental capacity to make and execute the deed dated 5 January 1971. The law presumes that every person is sane in the absence of evidence to the contrary. *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181 (1943). In our opinion the trial court properly refused to submit an issue to the jury regarding plaintiff's mental capacity to execute the deed of 5 January 1971. Plaintiff's evidence was simply insufficient. Indeed, Doctor Shackelford testified that she was doing well on 5 January 1971 when she was seen in his office.

The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.