RUBY L. AMERSON, DOROTHY LAMOUR WAINWRIGHT HAINEY, RUBY DIANE WAINWRIGHT LANCASTER AND CATHY DeLOISE WAINWRIGHT THOMAS, PLAINTIFFS v. JAMES LANCASTER. AND WIFE, ALMA LANCASTER, AND ANN LANCASTER NEWCOMB AND HUSBAND, JAMES NEWCOMB, DEFENDANTS

No. 918SC421

(Filed 7 April 1992)

**Deeds § 51 (NCI4th)— reservation—ambiguous—unenforceable**

The trial court correctly concluded that conveyances to defendants pursuant to a "reservation/exception" in a preceding deed were ineffective and correctly entered summary judgment for plaintiffs where life tenants retained the right to convey "certain lots which may from time to time be designated by them." The terms "reservation" and "exception" are often used interchangeably and the modern tendency is not to focus on fine distinctions but to look to the character and effect of the provision itself. Since the description of these lots is vague and uncertain, the reservation is unenforceable; furthermore, even if the reservation was merely latently ambiguous, it would still fail as there is no extrinsic evidence which explains the ambiguity of "certain lots."

**Am Jur 2d, Deeds §§ 310, 321, 327.**

APPEAL by defendants from order entered 8 February 1991 by *Judge Paul M. Wright* in WAYNE County Superior Court. Heard in the Court of Appeals 9 March 1992.

Plaintiffs brought this action to resolve the question of ownership of a certain 63-acre tract of land in Wayne County in which defendants claim an interest adverse to plaintiffs. The plaintiffs seek to remove what they contend is a cloud upon their title. The parties entered into a stipulation and the material facts are not in dispute.

In a deed dated 9 November 1965, Bert Lancaster and Mandy T. Lancaster conveyed this 63-acre tract of land to Marvin Ray Lancaster and the deed was recorded on 23 December 1965. However, the transfer was made subject to the following reservation:

> But this conveyance is made subject to the life estate of the parties of the first part [Bert and Mandy Lancaster] and subject to the condition that the parties of the first part hereby reserve all timber rights subject to the further condition that the parties of the first part reserve the right to convey certain lots which may from time to time be designated by them and as a part of the consideration for this conveyance, the party of the second part [Marvin Ray Lancaster] hereby agrees to join with the parties of the first part to sign such legal documents and deeds as might be necessary to effect such conveyances.

After Bert Lancaster died in 1976 Mandy Lancaster became the sole life tenant. Marvin Ray Lancaster died in 1977 and he devised all his real property to his wife, Ruby Lee Cole Lancaster, for life with remainder in fee simple to his three daughters, Dorothy Lamour Wainwright Hainey, Ruby Diane Wainwright Lancaster, and Cathy DeLoise Wainwright, all being the plaintiffs in the present action. Ruby Lee Cole Lancaster has since remarried and is presently Ruby L. Amerson.

On 15 August 1979 the remaining life tenant, Mandy T. Lancaster, conveyed several lots in fee simple from the 63-acre tract to certain relatives pursuant to the reservation in the 1965 deed. After these 1979 conveyances, there were certain quitclaim deeds executed by persons who claimed an interest in the 63-acre tract. After these quitclaim transfers, defendants were the only persons claiming title to portions of the 63-acre tract as a result of the 1979 conveyances.

Plaintiffs brought the present action asserting that after the death of the life tenant, fee simple title to this property thereafter vested in them as devisees under Marvin Ray Lancaster's will. Plaintiffs further assert the life tenant could not convey title to these certain lots in the 63-acre tract of land since the 1965 deed did not adequately describe the lots. Defendants claim the reservations in the 1965 deed were valid and therefore the life tenant had the ability to convey title in fee simple to certain lots which she could designate from time to time. According to defendants,

AMERSON v. LANCASTER

[106 N.C. App. 51 (1992)]

they now own a portion of the 63-acre tract since the life tenant exercised her right to convey certain lots.

Both plaintiffs and defendants moved for summary judgment. In granting summary judgment for plaintiffs, the trial court found that all material facts were stipulated to by the parties. The court concluded that the conveyances by which the life tenant attempted to transfer certain lots to defendants failed as a matter of law because of the insufficiency of the legal description in the reservation portion of the 1965 deed. According to the court:

> This reservation/exception does not describe the lots that might be conveyed with the same definiteness as the 63 acre dominant tract. Indeed, there is no definitive boundaries or guidance to other referenced documents nor has parole [sic] evidence been given the Court with any method which the Court could sufficiently identify and establish the lots to be conveyed by certain description so as to locate them on the ground and thereby fulfill the original intent of the grantors at the time of the 1965 deed. This insufficiency of legal description of the reservation to locate the same on the ground causes it to fail.

*Baddour, Parker & Hine, P.A., by Henry C. Smith, for plaintiff appellees.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Tommy W. Jarrett, for defendant appellants.*

WALKER, Judge.

Summary judgment is proper only when there is no genuine issue of material fact and one party is therefore entitled to judgment as a matter of law. *Frye v. Arrington*, 58 N.C.App. 180, 292 S.E.2d 772 (1982). In the present case since the parties agreed on the facts, the controversy centers upon the construction to be given the reservation in the 1965 deed, whereby the life tenants retained the right to convey "certain lots which may from time to time be designated by them."

In asserting the reservation gave the life tenant the right to convey certain lots, defendants assign as error the trial court's failure to draw a distinction between a "reservation" and an "exception." The trial court referred to the clause at issue as the "reservation/exception" portion of the 1965 deed. Although a distinction

can be drawn between these terms, the trial court's use of both terms here does not render the judgment erroneous.

An exception means that some part of the estate is not granted at all or is withdrawn from the effect of the grant, while a reserva-- tion is some right which issues or arises out of the property granted. *Vance v. Pritchard*, 213 N.C. 552, 197 S.E. 182 (1938). A reservation is a clause in a deed whereby the grantor reserves something arising out of the thing being granted which is not in being at the time. The creation of a reservation is by some instrument in which there is a withholding of an interest for the benefit of the grantor. *River Birch Associates v. City of Raleigh*, 326 N.C. 100, 388 S.E.2d 538 (1990). These terms are often used interchangeably and frequently what purports to be a reservation has the force and effect of an exception. Therefore the modern tendency of the courts is not to focus on these fine distinctions, but to look to the character and effect of the provision itself. *Reynolds v. Hedrick Gravel & Sand Co.*, 263 N.C. 609, 139 S.E.2d 888 (1965).

In the present case, defendants contend the life tenant, Mandy Lancaster, did not except anything but rather she reserved the power to convey such lots as she might from time to time designate, and that what the life tenant reserved was the power to convey certain lots, not the lots themselves. Defendants further contend that even though an exception must be described with particularity, the Supreme Court in *Builders Supplies Co. of Goldsboro, North Carolina, Inc. v. Gainey*, 282 N.C. 261, 192 S.E.2d 449 (1972), seems to suggest that a deed conveying an ill defined tract out of a larger tract is valid if the grantee, under the terms of the deed, is allowed at a later time to lay off the tract being conveyed. However, the Court there did not decide that issue but said it may give effect to a deed which allowed the grantee to select a tract from a larger described tract at a later time and where the selection conforms to the intent of the parties. Here the reservation to determine the "certain lots" is solely within the discretion of the grantors. Also, in *Thompson v. Umberger*, 221 N.C. 178, 19 S.E.2d 484 (1942), the Court construed language in a deed which reserved two easements. In holding the reservation to be unenforceable, the Court noted that it was impossible to determine from the language of the deed who would benefit from the easements reserved and because the reservation gave no beginning point and no means by which the location of the proposed easements could

be ascertained, they were too vague and uncertain to attach an easement to the land conveyed.

An ambiguity in a reservation does not necessarily render the reservation void. If the reservation is merely latently ambiguous, then parol evidence will be admitted to fit the reservation to the land. *Thompson v. Umberger, supra.* "A description is latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made." *River Birch Associates v. City of Raleigh, supra,* at 123, 388 S.E.2d at 551. However, if the description is so vague and indefinite that the court would have to insert new language into the instrument in order to make the instrument effective, then the ambiguity in the deed is patent. *Carlton v. Anderson,* 276 N.C. 564, 173 S.E.2d 783 (1990). When a reservation in a deed is patently ambiguous, parol evidence is inadmissible and the attempted reservation is void for uncertainty. *River Birch Associates v. City of Raleigh, supra; Thompson v. Umberger, supra.*

Applying the aforementioned principles to the present case, it appears the reservation in the 1965 deed is patently ambiguous. The law favors creation of a fee simple estate unless it is clearly shown a lesser estate was intended. *Vestal v. Vestal,* 49 N.C.App. 263, 271 S.E.2d 306 (1980). The "instrument must be construed most favorably to the grantee, and all doubts and ambiguities are resolved in favor of the unrestricted use of the property." *Stegall v. Housing Authority of the City of Charlotte,* 278 N.C. 95, 100, 178 S.E.2d 824, 828 (1971). Nowhere in the 1965 deed is there any language to indicate where these lots are located. Neither does there appear any language indicating the beginning point, directions, distances, or size of these lots. In addition, there is no other language in this deed to clarify this ambiguity. Since the description of these lots is vague and uncertain, the reservation is unenforceable. Furthermore, even if this reservation was merely latently ambiguous, it would still fail as there is no extrinsic evidence which explains this ambiguity of "certain lots."

Therefore, the trial court correctly concluded the conveyances to defendants pursuant to this reservation were ineffective, and summary judgment in favor of the plaintiffs is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.