D.E.F. OF HICKORY, LLC, Plaintiff,
v.
RHODNEY N. HONEYCUTT and SHARON H. HONEYCUTT, Defendants.
No. COA07-1493
Court of Appeals of North Carolina.
Filed February 17, 2009.
Sigmon, Clark, Mackie, Hutton, Hanvey, & Ferrell, P.A., by Forrest A. Ferrell and Jason White, for plaintiff-appellant.
Patrick, Harper & Dixon, L.L.P., by Michael P. Thomas, for defendants-appellees.
GEER, Judge.
Plaintiff D.E.F. of Hickory, LLC ("DEF") appeals from the trial court's order awarding summary judgment to defendants Rhodney N. Honeycutt and Sharon H. Honeycutt in DEF's declaratory judgment action seeking a declaration that the conveyance of an easement to the Honeycutts was of no force and effect. We conclude that the trial court properly granted summary judgment because the materials before the trial court fail to raise any triable issues of fact and establish that the Honeycutts are entitled to judgment as a matter of law.

Facts
DEF is a North Carolina limited liability company based in Catawba County. On 26 October 2005, DEF entered into a contract with Miller Rentals, LLC to purchase commercial property located at 1022 2nd Street NE in Hickory, North Carolina ("the DEF property"). The contract specified that closing was to occur on or before 3 January 2006. Miller Rentals had acquired the DEF property from the heirs of J.W. Miller. It is undisputed that the original deed conveying the DEF property to Miller Rentals did not include the signature of Gail M. Miller, one of the heirs of J.W. Miller's estate.
On 22 November 2005, Miller Rentals sold commercial property adjacent to the DEF property to the Honeycutts. The Honeycutts acquired that property ("the Honeycutt property") to build and operate an ice cream parlor. On the same day that Miller Rentals and the Honeycutts closed on the property, Miller Rentals also granted the Honeycutts an easement permitting four parking spaces located on the DEF property to be used in conjunction with their ice cream parlor. The Honeycutts had represented that these parking spaces were needed to comply with city regulations governing the operation of restaurants. On its face, the easement deed states that it is a "perpetual right and easement" and that the Honeycutts paid Miller Rentals $10.00 in consideration for it. The parking easement was recorded in the Catawba County Registry of Deeds on 28 November 2005. DEF learned of the parking easement after it had executed the contract to purchase the DEF property, but before it closed on the DEF property. After negotiating with Miller Rentals, DEF purchased the property for $50,000.00 less than the original contract price. Miller Rentals conveyed the DEF property to DEF by a general warranty deed on 21 April 2006. Gail Miller contemporaneously conveyed her interest in the DEF property to Miller Rentals by quitclaim deed. Both the general warranty deed and the quitclaim deed were recorded on 27 July 2006.
On 17 August 2006, DEF filed a declaratory judgment action seeking a declaration that the easement is void and should be set aside. The Honeycutts moved for summary judgment on 9 May 2007. In response, DEF filed an affidavit by Paul M. Fleetwood, III, one of Miller Rentals' managing members. Mr. Fleetwood stated in his affidavit that he was involved in negotiating the parking easement with the Honeycutts, that Miller Rentals only intended to grant a temporary easement so the Honeycutts could obtain the necessary permits, and that, given the temporary nature of the easement, Miller Rentals did not bargain for or receive any consideration from the Honeycutts. The trial court granted the Honeycutts' motion for summary judgment in an order entered 5 June 2007. DEF timely appealed to this Court.

Discussion
"[T]he standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, (1) the pleadings, depositions, answers to interrogatories, and admissionson file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." Von Viczay v. Thoms, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (internal quotation marks omitted), aff'd per curiam, 353 N.C. 445, 545 S.E.2d 210 (2001). The "[e]vidence presented by the parties is viewed in the light most favorable to the non-movant." Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).
DEF first argues the trial court erred in granting summary judgment to the Honeycutts because a genuine issue of material fact exists as to whether Miller Rentals possessed sufficient title in the DEF property to convey the parking easement to the Honeycutts. DEF notes the original deed conveying the DEF property from the heirs of J.W. Miller's estate to Miller Rentals was defective in that Ms. Miller failed to sign the deed. Gail Miller did not give a quitclaim deed of her interest in the DEF property to Miller Rentals until after the conveyance of the parking easement. DEF contends that the Honeycutts' parking easement over the DEF property is, therefore, void.
The Honeycutts assert the defense of estoppel by deed, arguing that because Ms. Miller quitclaimed her interest in the DEF property to Miller Rentals contemporaneously with Miller Rentals' conveying its interest in the DEF property to DEF, DEF is estopped from relying on any defects in Miller Rental's title due to "the nonjoinder of Gail M. Miller." Estoppel by deed is based on the general principle that "[w]here a deed is sufficient in form to convey the grantor's whole interest, an interest afterwards acquired passes by way of estoppel to the grantee. . . . If a grantor having no title, a defective title, or an estate less than that which he assumed to grant, conveys with warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey, or perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit by way of estoppel."
Beck v. Beck, 175 N.C. App. 519, 526, 624 S.E.2d 411, 415-16 (2006) (quoting Baker v. Austin, 174 N.C. 433, 434-35, 93 S.E. 949, 950 (1917)). See also Weeks v. Wilkins, 139 N.C. 215, 218, 51 S.E. 909, 910 (1905) ("The true principle is that the estoppel works upon the estate which the deed purports to convey and binds an after acquired title as between parties and privies.").
DEF contends estoppel by deed is inapplicable in this case because Ms. Miller conveyed her interest in the DEF property to Miller Rentals "'subject to' the parking easement," thus reserving rights with respect to the parking easement. Ms. Miller's quitclaim deed to Miller Rentals states in pertinent part:
That said Grantor, for and in consideration of the sum of Ten ($10.00) Dollars to her in hand paid, the receipt of which is hereby acknowledged, has remised and released and by these presents does remise, release and forever quitclaim unto the Grantee and its successors and assigns, all right, title, claim, and interest of the said Grantor in and to a certain lot or parcel of land lying and being in Hickory Township, Catawba County, North Carolina, and more particularly described as follows:
BEING all of Lots 35, 36 and 37 of Block B of Plat Book 2, at Page 1, Catawba County Registry and more particularly described as follows:
[further describing DEF property by metes and bounds]
The above-described property is made subject to the right-of-way for 11th Avenue, NE and all recorded utility and right-of-way easements including that parking easement as recorded in Deed Book 2711, at Page 1162, Catawba County Registry.
The foregoing metes and bounds description is taken from that survey prepared by Darrin L. Reed Land Surveying and Planning dated January 3, 2006 and signed by Darrin L. Reed, N.C.P.L.S. 3765.
To have and to hold the aforesaid lot or parcel of land and all privileges thereunto belonging to it, the Grantee, its successors and assigns, free and discharged from all right, title, claim or interest of the Grantor or anyone claiming by, through or under her.
(Emphasis added.)
Contrary to DEF's contention, the issue raised regarding the effect of Ms. Miller's quitclaim deed is not a factual one. Rather, where, as here, a deed is unambiguous, its legal import is a question of law that may properly be determined on summary judgment. See Amerson v. Lancaster, 106 N.C. App. 51, 53, 415 S.E.2d 93, 95 (1992) (concluding, on appeal from summary judgment, "[i]n the present case since the parties agreed on the facts, the controversy centers upon the construction to be given the reservation in the 1965 deed"); Price v. Bunn, 13 N.C. App. 652, 660, 187 S.E.2d 423, 428 (1972) (construing unambiguous language in deed as "matter of law" on appeal from summary judgment). "In construing a deed and determining the intention of the parties, ordinarily the intention must be gathered from the language of the deed itself when its terms are unambiguous." Smith v. Smith, 249 N.C. 669, 675, 107 S.E.2d 530, 534 (1959).
Here, the plain language of the deed establishes Ms. Miller intended to convey to Miller Rentals "all right, title, claim, and interest" (emphasis added) that she had in the DEF property. It further states in unequivocal language that Miller Rentals or "its successors and assigns" hold title to the DEF property "free and discharged from all right, title, claim or interest of" Ms. Miller.
The "subject to" provision is not part of the first paragraph conveying Ms. Miller's entire interest in the DEF property. Nor is it part of the last paragraph providing that Miller Rentals holds title to the DEF property free from any claims brought by, through, or under Ms. Miller. Instead, the provision on which DEF focuses its argument is part of the description of the DEF property. The "subject to" provision is sandwiched between the deed's metes and bounds description of the property and the acknowledgment that the metes and bounds description was based on a particular survey. Moreover, the plain language used in the provision itself indicates that it is acknowledging that the "above-described property" is subject to the rights-of-way and the parking easement. The language does not suggest that it is limiting the property being conveyed.[1]
As a result of Ms. Miller's conveyance, Miller Rentals acquired the title to the DEF property it purported to have when it granted the parking easement to the Honeycutts. In turn, according to the doctrine of estoppel by deed, Miller Rentals' "'after-acquired . . . title . . . inure[d] to the grantee or to his benefit by way of estoppel.'" Beck, 175 N.C. App. at 526, 624 S.E.2d at 416 (quoting Baker, 174 N.C. at 435, 93 S.E. at 950). There is, therefore, no triable issue of fact regarding the effect of Ms. Miller's quitclaim deed.
DEF next claims a genuine issue of material fact exists as to "whether the purported deed of the parking easement failed for lack of consideration." DEF contends the Honeycutts never paid any consideration in exchange for the parking easement and thus the easement is void, pointing to Mr. Fleetwood's affidavit in which he states "[Miller Rentals] asked for no monies in return for [the Honeycutts'] use of the spaces on a temporary basis."
Notwithstanding the recital of consideration in the easement deed, and assuming arguendo that no consideration was paid, there is no legal requirement that a deed be supported by consideration: "'[A] deed in proper form is good and will convey the land described therein without any consideration . . . .'" Philbin Invs., Inc. v. Orb Enter., Ltd., 35 N.C. App. 622, 626, 242 S.E.2d 176, 178-79 (quoting Smith, 249 N.C. at 676, 107 S.E.2d at 535), disc. review denied, 295 N.C. 90, 244 S.E.2d 260 (1978). Thus, the asserted fact that the easement deed was unsupported by consideration does not necessitate the conclusion that the deed is void. See id., 242 S.E.2d at 178 ("Defendants further assert that no consideration passed between plaintiff and defendant Orb, and therefore, the deed is `void.' Assuming a lack of consideration, such is not the law[.]").
DEF, however, points to Speller v. Speller, 273 N.C. 340, 159 S.E.2d 894 (1968), and Gadsden v. Johnson, 261 N.C. 743, 136 S.E.2d 74 (1964), as supporting its contention that "the issue of whether consideration was paid as recited in a deed may be reviewed if the deed was procured by misrepresentation." Neither Speller nor Gadsden, however, addressed the argument made by DEF here: whether a deed may be invalidated for failure to pay the consideration recited in the deed.
Instead, the plaintiffs in Speller and Gadsden each contended that the consideration recited in the deed was not the consideration actually agreed upon by the parties and that the defendants had fraudulently misrepresented that they would provide greater consideration in exchange for the deed. See Speller, 273 N.C. at 342-43, 159 S.E.2d at 895-96 (affirming dismissal of complaint based on lack of injury when plaintiff alleged that deed should be set aside based on defendant's fraudulent misrepresentation that plaintiff would be held harmless from debts in exchange for deed); Gadsden, 261 N.C. at 748, 136 S.E.2d at 77 (holding that "[t]he verdict that there was a failure of consideration for plaintiff's deed does not support the judgment that defendants, the grantees in the deed, have no interest in the house and lot conveyed, and decreeing that the deed be cancelled of record," but remanding for consideration of motion to amend complaint to allege that plaintiff conveyed deed as a result ofdefendants' fraudulent misrepresentation that they would provide greater consideration than that recited in deed).
Speller and Gadsden are inapposite here because the issue in this case is not whether the consideration promised by the Honeycutts is different from the consideration recited in the easement deed. Since neither of these opinions support DEF's contention that the deed in this case was invalid because it was unsupported by the payment of any consideration, this argument does not provide a basis for reversing the summary judgment order.
In its final argument, DEF asserts that a genuine issue of material fact exists as to whether DEF is entitled to reformation because DEF's evidence established that Miller Rentals never intended to convey a perpetual parking easement to the Honeycutts, but rather intended only to convey a temporary parking easement. Reformation is an "'equitable remedy used to reframe written instruments where, through mutual mistake or the unilateral mistake of one party induced by the fraud of the other, the written instrument fails to embody the parties' actual, original agreement.'" Metro. Prop. & Cas. Ins. Co. v. Dillard, 126 N.C. App. 795, 798, 487 S.E.2d 157, 159 (1997) (quoting Dettor v. BHI Prop. Co., 91 N.C. App. 93, 95-96, 370 S.E.2d 435, 437 (1988), rev'd on other grounds, 324 N.C. 518, 379 S.E.2d 851 (1989)).
DEF's argument fails because it did not seek reformation in the trial court. Nowhere in the complaint does DEF identify reformation as one of the remedies sought  the only relief requested by DEF was that the trial court "declare the conveyance to [the Honeycutts] of no force and effect and that the conveyance be set aside." Without having pled reformation or argued it below, DEF cannot request reformation of the deed for the first time on appeal. Cf. N.C. Fed. Sav. & Loan Ass'n v. Ray, 95 N.C. App. 317, 323, 382 S.E.2d 851, 856 (1989) ("Defendant did not plead election of remedies and did not present that theory at trial. He may not introduce it for the first time on appeal."). We, therefore, do not consider DEF's argument as it is not properly before us on appeal.
In sum, we conclude that DEF has failed to establish on appeal the existence of any genuine issue of material fact regarding the validity and legal effect of the Honeycutts' parking easement. Accordingly, we affirm.
Affirmed.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] We note that if the latter interpretation were correct, then DEF's title to the property similarly would be "subject to" Ms. Miller's reservation regarding the parking easement.