GEORGE L. BAKER v. G. B. AUSTIN.

(Filed 31 October, 1917.)

**Deeds and Conveyances — Warranty — After-acquired Title — "Feeding an Estoppel."**

A conveyance of all the grantor's interest in a described tract of land, setting out that it is "my entire interest in my father's land, the deceased, where my mother now lives," with full covenants of seizin and warranty, and the land belonged to the mother of the grantor, who lived thereupon, and died seized and possessed thereof, and devised the grantor an interest therein: *Held,* the devise of such interest fed the estoppel under the grantor's previous deed, and he will not be allowed to recover against it.

APPEAL by plaintiff from *Harding, J.,* at April Term, 1917, of ASHE.

The plaintiff, on 4 July, 1888, conveyed to his half-brother, "William Baker, all of my entire interest in my father's land, the deceased, where my mother, Frankie Baker, now lives, the land known as the Robert Baker land, bounded" (describing it). In the *habendum* there is this language: "To have and to hold the same to the said William Baker, his heirs and assigns; that I am lawfully seized in fee of the premises; that they are free from all encumbrances; that I have a good right to sell the

28—174

same to said William Baker, his heirs and assigns, and that I will warrant and defend the same against the lawful claims and demands of all persons."

By mesne conveyance said tract has been conveyed to the defendant. The land in question belonged to William Baker's mother, Frances Baker, who died seized in fee simple. George L. Baker's father died in 1881. When his mother died, in 1907, she devised this tract of land to himself and others, under which will the plaintiff claims that he is the owner in fee of 53/147 undivided interest in said tract, and he asks to be let into possession of said undivided interest in said land as tenant in common with the defendant.

The defendant claims that, as to the interest the plaintiff acquired by his mother's will, he is estopped by his deed of warranty, above set out.

The court held that the warranty estopped the plaintiff from claiming an interest in the land as devisee of his mother, and nonsuited the plaintiff, from which he appealed.

*R. A. Doughton, R. L. Ballou, and G. L. Park for plaintiff.*
*T. C. Bowie for defendant.*

CLARK, C. J. The defendant contends that this is a case of "feeding an estoppel." The plaintiff conveyed "all of my entire interest in my father's land . . . where my mother Frances Baker now lives, the land known as the Robert Baker land," giving the boundaries. The reference to "my father's land" was merely descriptive of the land and was not restricted to the interest which he had acquired from his father. But to put the matter beyond all doubt he conveys the land in fee simple, with covenant of seisin in fee, covenant against encumbrances, covenant of right to convey, and adds, "I will warrant and defend the same against the lawful claims and demands of all persons." The conveyance was of his entire interest in that tract of land, and though he mistakenly described it as his father's land, that did not change the fact that he conveyed "all of my entire interest" in that land, whose identity is fixed beyond question by stating that it is the place on which his mother then lived; that it was known as the Robert Baker land, and giving the boundaries. Though at the time he had no interest in the land when the title to the 53/147 was afterwards devised to him, this fed the estoppel, and he cannot now recover against his deed, with warranty, of said land.

This is well settled: "Where a deed is sufficient in form to convey the grantor's whole interest, an interest afterwards acquired passes by way of estoppel to the grantee." *Buchanan v. Harrington*, 141 N. C., 39;

*Hallyburton v. Slagle,* 132 N. C., 947; *Foster v. Hackett,* 112 N. C., 546; *Bell v. Adams,* 81 N. C., 118; *Wellborn v. Finley,* 52 N. C., 228; *Armfield v. Moore,* 44 N. C., 162; *Taylor v. Shufford,* 11 N. C., 116.

The general rule is thus stated 16 Cyc., 689, with full citations in the notes: "If a grantor having no title, a defective title, or an estate less than that which he assumed to grant, conveys with warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey, or perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit by way of estoppel."

In *Olds v. Cedar Works,* 173 N. C., 164-166, in a very interesting discussion, *Allen, J.,* cites the authorities and points out the distinction between an estoppel, which may exist without a covenant of warranty, and a rebutter, which is dependent upon a warranty. *Weeks v. Wilkins,* 139 N. C., 217, and adds: "Where there is a covenant of warranty, the deed not only destroys the right of action in the grantor and his heirs to the after-acquired estate by rebutter, but it also passes the title to the grantee by estoppel by warranty." We can add nothing to what is there so well said.

The judgment of nonsuit is
Affirmed.