EVELYN BARTON BECK, Individually, and as Executor of the Estate of AVERY
EDWARD BECK, Plaintiffs v. LARRY EUGENE BECK, Defendant

No. COA03-293

(Filed 16 March 2004)

### Deeds— motion to set aside—incompetency—quasi-estoppel—estoppel by deed

The trial court erred by granting defendant son's motion to dismiss under N.C.G.S. § 1A-1, Rule 41 an action seeking to set aside a deed executed in 1998 by plaintiff mother and her late husband based on decedent's incompetency, because: (1) the court's order fails to specify what theory of estoppel it applied, and the court did not make any finding that plaintiff received a benefit of any kind which would be necessary to support the application of quasi-estoppel; (2) the findings are insufficient to support the court's conclusion that plaintiff was estopped from challenging her husband's capacity when the stipulation of the parties barred the court from using the fact of plaintiff's qualification as personal representative as evidence of decedent's competence in 1998; and (3) the court's findings are insufficient to support the conclusion that the property in dispute would pass to defendant regardless of whether the court finds decedent incompetent, and if the court based its decision on the doctrine of estoppel by deed, additional findings are needed to support such a conclusion.

Appeal by plaintiffs from order entered 13 September 2002 by Judge Christopher M. Collier in the Superior Court in Davidson County. Heard in the Court of Appeals 20 November 2003.

*Brinkley Walser, P.L.L.C., by Walter F. Brinkley and April D. Craft, for plaintiff-appellants.*

*Cunningham & Crump, P.L.L.C., by R. Flint Crump, for defendant-appellee.*

HUDSON, Judge.

On 18 February 2000, plaintiffs filed suit seeking to set aside a deed executed in 1998 by plaintiff and her late husband. Following Avery Edward Beck's ("Mr. Beck") death on 22 September 2000, two writings were discovered, one dated 1995 and the other 1998, each

purporting to be Mr. Beck's will. Both wills named Evelyn Barton Beck ("plaintiff") as the sole devisee and executor. Though plaintiff contended that Mr. Beck had not been competent to execute a will in 1998, the Clerk of Superior Court of Davidson County probated the 1998 will as the decedent's last known testamentary instrument. On 9 January 1998, the parties stipulated that evidence of plaintiff's qualification as executor under the 1998 will would not be admissible "for purposes of proving that Avery Edward Beck was competent on January 19, 1998." The court entered an order 24 July 2002 granting partial summary judgment and limiting the issue for trial to a determination of Mr. Beck's mental capacity to execute the 1998 deed. Shortly thereafter, on 20 August 2002, defendant gave "Notice of Intention to Plead Title by Estoppel." At the close of plaintiffs' evidence, defendant moved for dismissal under Rule 41(b), arguing title by estoppel. The court granted the motion and plaintiffs appeal. For the reasons discussed below, we reverse.

Plaintiff is Mr. Beck's widow and the mother of defendant Larry Beck ("defendant"). She testified that in 1980 Mr. Beck retired from his career as a professional golfer. Between 1985 and 1990, she began to see behavioral changes in her husband, including disorientation, forgetfulness and physical frailty. In 1995, Mr. and Mrs. Beck moved from Wake Forest back to their hometown of Lexington. Mr. Beck owned a six acre tract there, and the Becks owned an adjacent eight acre tract as tenants by the entirety. Larry Beck lived in a home on the six acre tract, and operated a driving range located partly on the six acre tract and partly on the eight acre tract. Plaintiff and her husband surveyed off a .96 acre portion of their tenants by the entirety property and built a home there.

Plaintiff testified that her husband's condition continued to decline after the move, and that eventually she placed a lock on his bedroom door to prevent him from wandering alone. In August 1998, plaintiff placed her husband in a nursing home. At that time she discussed options for paying for Mr. Beck's care with her son, defendant Larry Beck. Defendant suggested that his parents convey their property to him to enable Mr. Beck to qualify for Medicaid, and trust him to return the property when paying for Mr. Beck's care was no longer an issue. Defendant introduced his mother to his attorney, Steven Holton ("Mr. Holton"), and accompanied Mr. Holton on his visits to speak with plaintiff.

On 19 January 1998, defendant, plaintiff, Mr. Holton and two of his paralegals gathered at the Beck's home to execute the deed and

other papers. According to plaintiff, her husband sat across the room facing the television and did not participate in any discussions. Defendant brought his father over to sign the papers at the appropriate time and then returned him to his chair in the living room. Several documents were executed by the Becks, including: a deed conveying the eight and six acre tracts to Larry Beck, less the .96 acre tract on which the Beck home sat; a deed conveying the .96 acre tract to the Becks' daughter Anita and reserving a life estate for themselves, and several other documents plaintiff testified that she did not clearly understand. Defendant paid no consideration for the property he received from his parents.

Some time later, plaintiff contacted Mr. Holton for advice about regaining the property, but Mr. Holton continued to represent Defendant and suggested that plaintiff seek other counsel. Mr. Beck died on 22 September 2000. At trial in September 2002, plaintiff, Anita Beck, Anita's former husband, James Johnson, Jr., and Mr. Beck's primary care physician each testified that Mr. Beck did not have the capacity to execute a deed on 19 January 1998.

Plaintiff first argues that dismissal was improper because it was based on documents which were not introduced into evidence. Specifically, plaintiff objects to finding of fact one, in which the court found that she executed several documents on 19 January 1998, including the deed at issue here, which was introduced. Finding one also includes other documents executed by Mr. Beck on that date, which were not introduced in evidence. However, all of the documents were widely discussed by plaintiff in her testimony before the court. We find no error in the court's consideration of testimony about the documents not formally admitted into evidence.

Next, plaintiff challenges the court's conclusions 1) that she was estopped from challenging her husband's mental capacity and 2) that the property in question would pass to defendant regardless of Mr. Beck's capacity at the time of the deed's execution. Because the court's findings of fact are inadequate to support its conclusions, we reverse and remand for further proceedings.

The court granted defendant's motion to dismiss, based in part on the following conclusions of law:

1. The Plaintiff, Evelyn Barton Beck, is estopped from challenging the mental capacity of her deceased husband as of January 19, 1998.

2. The property would pass to the Defendant herein regardless of whether the Court finds the decedent Avery Edward Beck incompetent or not.

These conclusions of law purport to be based upon the court's eight findings of fact:

1. That Avery Edward Beck executed a number of legal documents on January 19, 1998 which documents include the following:

a. A Last Will and Testament;

b. A Power of Attorney in favor of his wife, Evelyn Barton Beck;

c. A Revocation of a previous Power of Attorney;

d. A Healthcare Power of Attorney in favor of his wife, Evelyn Barton beck;

e. A Declaration of a Desire for a Natural Death;

f. A Deed from Avery Edward Beck and Wife, Evelyn Barton Beck [sic] to Anita Beck; and

g. A Deed from Avery Edward Beck and wife, Evelyn Barton Beck, to Larry Eugene Beck, which Deed is the subject matter of this action.

2. That the Plaintiff now seeks to challenge that Deed referenced in Finding of Fact 1g, [sic] above, on the grounds of Avery Edward Beck's alleged incompetence or lack of mental capacity at the time of the execution of the Deed.

3. That Plaintiff asserts in the Complaint herein that she was Avery Edward Beck's "duly appointed attorney-in-fact."

4. That the Power of Attorney referenced above was executed contemporaneously with the Deed being challenged herein.

5. That Plaintiff filed a wrongful death lawsuit against another party as his personal representative by virtue of his Last Will and Testament, also executed contemporaneously with the Deed challenged herein.

6. That the Plaintiff is estopped from now challenging Avery Edward Beck's mental capacity as to one document when Plaintiff has accepted the validity of and exercised her rights

under powers granted in documents executed contemporane-
ously therewith.

7. That there is currently no challenge as to the validity of
Plaintiff's execution of the Deed individually.

8. That assuming that Plaintiff is not equitably estopped from
challenging her deceased husband's mental capacity as of
January 19, 1998, and that he was in fact incompetent, she can-
not challenge her own conveyance of the property under the
Deed in dispute.

"Findings" six and eight are actually conclusions of law, essentially
restating the court's two denominated conclusions. Standing alone,
they cannot be a basis for the conclusion that defendant would own
the property regardless of Mr. Beck's mental capacity.

In reaching its first conclusion of law, the court's order fails to
specify what theory of estoppel it applied here. Defendant argues in
his brief that the conclusion was proper under either the theory of
quasi-estoppel or equitable estoppel. The doctrine of quasi estoppel
appears most applicable here, but, even assuming this issue was
addressed at trial, the court's findings are insufficient to support the
court's first conclusion on that basis.

"Quasi-estoppel is based on a party's acceptance of the benefits of
a transaction, and provides where one having the right to accept or
reject a transaction or instrument takes and retains benefits thereun-
der, he ratifies it, and cannot avoid its obligation or effect by taking a
position inconsistent with it." *Parkersmith Props. v. Johnson*, 136
N.C. App. 626, 632, 525 S.E.2d 491, 495 (2000) (internal quotation
marks omitted). Thus, the court must determine whether plaintiff rat-
ified the deed and other instruments executed 19 January 1998 by
accepting benefit under them, such that she may not now take an
inconsistent position.

Finding five, that Mrs. Beck filed a wrongful death suit as per-
sonal representative of the estate, is the only finding relating to a pos-
sible benefit received by plaintiff, but the court did not specify how
she benefitted, if at all. In his brief, defendant summarizes a number
of "facts" which he contends are relevant to these issues and which
address possible benefits to plaintiff from the execution from these
documents. However, the court did not make these or any other spe-
cific findings that plaintiff received a benefit of any kind, which
would be necessary to support the application of quasi-estoppel.

Further, the stipulation of the parties barred the court from using the fact of her qualification as personal representative as evidence of Mr. Beck's competence in 1998. After Mr. Beck's death, two wills appeared, one executed in 1995 and the other executed in 1998, at the time of the deed execution. After the Clerk of Superior Court in Davidson County insisted on probating only the 1998 will, the parties stipulated that:

> 6. Rather than subject the estate to the expense which would be involved in determining the validity of the 1998 will, the parties have agreed to stipulate that, if Evelyn Barton Beck qualifies as the executor of Avery Edward Beck under the 1998 will, evidence of this fact will not be admissible in the present action for the purpose of proving that Avery Edward Beck was competent on January 19, 1998.

This stipulation is binding on the court and prevents it from considering the plaintiff's appointment as personal representative under the 1998 will as evidence of Mr. Beck's mental capacity to execute that will. Thus, the findings are insufficient to support the court's first conclusion that plaintiff was estopped from challenging her husband's capacity.

Plaintiff next argues that the court erred in concluding that the property in dispute would pass to defendant "regardless of whether the Court finds the decedent Avery Edward Beck incompetent or not." For the reasons discussed below, we hold that the court's findings are insufficient to support this second conclusion, and we thus remand the case to the trial court for additional findings.

The court's second conclusion of law, that "[t]he property would pass to the defendant herein regardless of whether the Court finds the decedent Avery Edward Beck incompetent or not," appears to be based on "findings" 7 and 8:

> 7. That there is currently no challenge as to the validity of Plaintiff's execution of the Deed individually.

> 8. That assuming that Plaintiff is not equitably estopped from challenging her deceased husband's mental capacity as of January 19, 1998, and that he was in fact incompetent, she cannot challenge her own conveyance of the property under the Deed in dispute.

Finding 8, as we explained earlier, is actually a conclusion of law.

BECK v. BECK

[163 N.C. App. 311 (2004)]

Although the order does not refer expressly to estoppel by deed, we believe that the conclusion may be referring to this theory. Estoppel by deed provides that "[i]f a grantor having no title, a defective title, or an estate less than that which he assumed to grant, conveys with warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey . . . such after-acquired . . . will inure to the grantee . . . by way of estoppel. *Baker v. Austin*, 174 N.C. 433, 434, 93 S.E. 949, 950 (1917). "This is well settled: Where a deed is sufficient in form to convey the grantor's whole interest, an interest afterwards acquired passes by way of estoppel to the grantee." *Id. See also Barnes v. House*, 253 N.C. 444, 449, 117 S.E.2d 265, 268-69 (1960) ("Where one has only a contingent interest in land and conveys such interest by warranty deed, such deed passes the contingent interest in the land, by way of estoppel, to the grantee as soon as remainder vests by the happening of contingency upon which such vesting depends"); *Sparkes v. Choate*, 22 N.C. App. 62, 62, 205 S.E.2d 624, 625 (1974) (holding as a matter of law that a person who joins in the execution of a general warranty deed without limitation, reservation, or exception, and who later obtains an interest through a conveyance from an independent source, is later estopped to assert a claim of right of way over the land conveyed by such deed).

If the court is basing its decision on the doctrine of estoppel by deed, additional findings are needed to support such a conclusion. Estoppel by deed requires a showing 1) that plaintiff Mrs. Beck had no title, a defective title, or an estate less than that which she assumed to grant at the time of the deed execution, 2) that she purported to convey the property in dispute with warranty or covenants of like import, and 3) that she subsequently acquired the title or estate which she had previously purported to convey. *See Baker*, 174 N.C. at 434, 93 S.E. at 950.

Because the findings of fact are insufficient to support the court's conclusions and the order granting defendant's motion to dismiss pursuant to Rule 41 we vacate the order and remand for additional findings consistent with this opinion.

Vacated and remanded for additional findings of fact.

Judges TYSON and STEELMAN concur.